IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VOLKER STROBEL, HEIKE
STROBEL, and HANS BAUR,
in their individual capacities and on
behalf of UNC Holding LLC and
V.I.P. DRINKS BOTTING LLC,

       Plaintiffs,

v.                                                                                             No. CIV 18-0656 RB/JFR

UWE RUSCH and DR. MABEL
RUSCH,

       Defendants.

## MEMORANDUM OPINION AND ORDER

The Court issued a Memorandum Opinion and Order on June 1, 2020 (June Opinion), allowing Defendants Uwe and Mabel Rusch to amend some of the counterclaims in their Answer. (Doc. 103.) Hours later, Defendants filed a Motion for Entry of Default, arguing that Plaintiffs Volker Strobel, Heike Strobel, and Hans Baur failed to file responsive pleadings related to the amended counterclaims. (Doc. 104.) Considering that Defendants' Motion for Entry of Default is baseless and ill-timed, the Court will grant Plaintiffs' Motion to Set Aside Default (Doc. 108) and their Motion for Sanctions (Doc. 132).

**I.    Background**

In two previous opinions, the Court has recounted the facts of this dispute in detail. (*See* Docs. 75; 103.) In short, the Defendants developed a line of cordials in 1998 (Doc. 79-2 ¶¶ 11–14; 24–25) and began a working relationship with Plaintiffs in Florida (*see id.* ¶¶ 30–35; 55–58). In March 2014, Plaintiffs sought to reestablish the business in New Mexico (UNC-NM). (*Id.* ¶¶ 73–

78.) During that time, various disputes followed related to trademark rights (*id.* ¶¶ 87–92) and the business bank account (*id.* ¶ 111).

Plaintiffs filed this lawsuit on July 10, 2018, contending that Defendants infringed on UNC-NM's trademark rights, among other claims. (See Docs. 1 (Compl.); 62 (Am. Compl.).) Defendants assert numerous affirmative defenses and counterclaims. (Docs. 40; 79-2.) On January 3, 2020, the Court issued a Memorandum Opinion and Order (January Opinion) that dismissed several counterclaims but gave Defendants until January 13, 2020, to file an Amended Answer. (Doc. 75.) On January 13, 2020, Defendants filed their Motion to Amend the Answer (Doc. 79) with an attached Amended Answer (Doc. 79-1). Plaintiffs filed a Response, which the Court treated as a Motion to Dismiss the amended counterclaims. (Doc. 85.) On June 1, 2020, the Court issued the June Opinion that granted in part and denied in part Defendants' Motion to Amend the Answer. (Doc. 103.)

Hours later on June 1, 2020, Defendants filed a request for entry of default according to Federal Rule of Civil Procedure 55(a) (Doc. 104), and the Clerk of the Court made the default entry on June 3, 2020 (Doc. 107). In response, Plaintiffs filed a Motion to Set Aside Clerk's Entry of Default. (Doc. 108.) On June 30, 2020, Plaintiffs filed a Motion for Sanctions against Defendants' counsel for pursuing this action. (Doc. 132.) Lastly, Defendants move the Court for leave to file their Amended Answer, at issue in the June Opinion. (Doc. 123.)

## II.    Entry of Default

Defendants requested an entry of default, citing Plaintiffs' failure to adhere to Federal Rule of Civil Procedure 12(a)(4)(A)'s timeline to file responsive pleadings. (Doc. 104-1.) The Clerk of the Court must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise." Fed. R. Civ. P. 55(a). A default judgment is appropriate when the "claim is for a sum certain" and "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b). Nevertheless, the Tenth Circuit does not favor default judgments and believes that they should be used sparingly. *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012); *Petersen v. Carbon Cty.*, 156 F.3d 1244, at *4 (10th Cir. 1998); *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988). As a result, "the [C]ourt may set aside an entry of default for *good cause*." Fed. R. Civ. P. 55(c) (emphasis added).

Simply put, Defendants argue that Plaintiffs failed to file responsive pleadings to their amended counterclaims in line with Rule 12(a)(4)(A). (Doc. 104-1.) Defendants filed their Second Amended Answer on April 4, 2019. (Doc. 40.) Then Plaintiffs filed two motions to dismiss the affirmative defenses and counterclaims. (Docs. 41; 42.) On January 3, 2020, the Court granted these motions in part and denied them in part. (Doc. 75.) Defendants argue that Plaintiffs had until January 17, 2020 (14 days after the January Opinion) to file a responsive pleading. (Doc. 104-1 ¶ 6.) Plaintiffs filed no Answer in that period, so Defendants seek an entry of default. (*Id.*)

Defendants' timeline, however, misses the mark. They take a far too narrow view of the Court's January Opinion, while at the same time misreading Rule 12(a)(4)(A). First, Defendants state that the January Opinion "did not specify any special or particular time for the Plaintiffs to file their Answer"; therefore, they only had 14 days (January 17) to file responsive pleadings. (Doc. 104-1 ¶ 6.) This is not so. While the Court may not have explicitly mapped out the timeline for Defendants, it granted Defendants 10 days to file an Amended Answer. (Doc. 75 at 25.)

3

Defendants availed themselves of this 10-day grant and filed a Motion to Amend[1] on January 13, 2020. (Docs. 79.) As a result, the 14-day clock began running once the Amended Answer was filed to give Plaintiffs time to absorb and respond to the changes. This 10-day grant to Defendants to file an Amended Answer obviously tolled the 14-day response time. Take a hypothetical. Had the Court given Defendants a 20-day period to file their Amended Answer, it would be absurd to conclude that Plaintiffs' response was due on day 14—prior to Defendants filing the Amended Answer. Such a result is illogical. Needless to say, the Court holds that Plaintiffs' responsive pleading would have been due on January 27, 2020. Knowing this deadline, Plaintiffs filed another Motion to Dismiss Defendants' Amended Answer on that date (Doc. 85), again tolling any responsive pleadings until 14 days after the Court addressed that motion (which it did on June 1, 2020). (Doc. 103.)

Though Defendants did not argue this point in their briefing, they might contend that Plaintiffs' partial Motion to Dismiss only tolled the counterclaims at issue, and responsive pleadings were necessary to address counterclaims absent from the motion. Federal Rule of Civil Procedure 12(a)(4)(A) states that "[u]nless the court sets a different time, serving a motion under this rule alters these periods as follows: . . . if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . ." Fed. R. Civ. P. 12(a)(4)(A). "When a complaint has been challenged by a motion to dismiss, Rule 12(a)(4)(A) supplants the filing deadlines in Rule 12(a)(1)(A), tolling the time for an answer until fourteen days after notice that the motion has been denied . . . ." *Burris v.*

---

[1] Defendants attached the Amended Answer (Doc. 79-1) and the Amended Answer with redlined changes (Doc. 79-2), but they never filed the Amended Answer separately in the docket. Later, Defendants ask the Court to officially file their Amended Answer. (Doc. 123.) The Court notes the inherent inconsistency in Defendants' position that Plaintiffs failed to file responsive pleadings to the counterclaims in the Amended Answer in January that they are just now trying to add to the docket.

4

*Bob Moore Auto Grp., Inc., LLC*, 517 F. App'x 639, 640 (10th Cir. 2013). Though no appellate case appears to address whether all responsive pleadings are tolled when only a partial motion to dismiss is filed, district courts are in clear alignment on the matter. *See*, *e.g.*, *Talbot v. Sentinel Ins. Co.*, No. 2:11-CV-01766-KJD, 2012 WL 1068763, at *5 (D. Nev. Mar. 29, 2012) ("Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants are not required to file a responsive pleading on the unchallenged claims until 14 days after the court has rendered its decision on the motion."); *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056-PHX-NVW, 2011 WL 6296833, at *5 (D. Ariz. Dec. 16, 2011) ("[E]ven though a pending motion to dismiss may only address some of the claims alleged, the motion to dismiss tolls the time to respond to all claims."); *Smith v. Rockett*, No. CIV-06-492-M, 2010 WL 274497, at *2 (W.D. Okla. Jan. 15, 2010) (same); *Kent v. Geren*, No. CIV.A. 07-CV-02202-Z, 2008 WL 150060, at *1 (D. Colo. Jan. 11, 2008) (same). The District of New Mexico has held that "[t]he filing of a motion stays the need to file an answer until the motion is ruled upon." *Creusere v. Murphy*, No. CIV 97-0098 LH/DJS, 1999 WL 35809587, at *1 (D.N.M. May 19, 1999). And the bankruptcy court in this district has stated that a partial motion to dismiss tolls all responsive pleadings. *In re Vaughan Co., Realtors*, 477 B.R. 206, 227 (Bankr. D.N.M. 2012).

While none of these opinions are binding, the Court sides with the majority of district courts. *Gerlach v. Michigan Bell Telephone Co.* is the only case to require responsive pleadings in the interim while a partial motion to dismiss is pending. 448 F. Supp. 1168, 1174 (E.D. Mich. 1978). But more modern decisions find that practice needlessly cumbersome, believing that partial pleadings would result in a "'procedural thicket' of piecemeal answers that would poorly serve judicial economy." *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) (citation omitted). Here, Plaintiffs filed a partial Response (Motion to Dismiss) on January 27, 2020 (Doc.

5

85), which tolled the deadline for responsive pleadings until the Court addressed that motion. The Court issued its opinion on June 1, 2020 (Doc. 103), and that same day, Defendants filed a request for entry of default (Doc. 104). Based on this procedural landscape and overwhelming precedent, Plaintiffs' responsive pleading was not due until June 15, 2020. In the end, the Court is at a loss as to why Defendants filed this Motion for Entry of Default, let alone why they filed it six months after the alleged oversight. Existing law makes it clear that Defendants' motion was baseless. As such, Plaintiffs' Motion to Set Aside Default is granted. Given the added confusion to the timeline prompted by this request for default entry, the Court grants Plaintiffs 14 days from when Defendants officially file their Amended Answer[2] to submit any responsive pleadings.

### III. Sanctions

The Federal Rules of Civil Procedure hold attorneys accountable to each other and the Court to ensure that pleadings and motions are not filed for "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." Fed. R. Civ. P. 11(b)(1). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which *cannot be dispensed with* in a Court, because they are necessary to the exercise of all others." *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015) (quotation marks and citations omitted). "Among these indefeasible powers is a court's 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).

---

[2] *See infra* Part IV.

Plaintiffs move the Court to sanction Defendants' attorney for needlessly requesting entry of default at this stage of the litigation. (Doc. 132 at 1.) Defendants were put on notice regarding the threat of sanctions and continue to dig in their heels. (Doc. 134.) No remorse has been shown, and no attempt was made to withdraw their motion. As a result, the Court sides with Plaintiffs and believes that sanctions are appropriate under the circumstances. First, the law in favor of Plaintiffs' position is clear and uncontested. As discussed above, Defendants had no basis for requesting entry of default, forcing Plaintiffs to expend additional resources on a senseless motion. Second, Defendants have also drained the limited judicial resources available to address a nonexistent problem. Finally, Defendants did not move for entry of default until six months after the timeline in question and two years into the litigation. With countless motions briefed and the parties nearing trial, even if Defendants had the law on their side (which they do not), the Court would undoubtedly have good cause to set aside the entry of default. *Harvey*, 685 F.3d at 946 (discussing judicial discretion to set aside entry of default for minor issues in the middle of lengthy and ongoing litigation). In light of all this, such a motion was frivolous and caused unnecessary delay.

Therefore, the Court believes that modest monetary sanctions are appropriate to cover the costs related to Plaintiffs' briefing because Defendants wasted the resources of both the Plaintiffs and the Court. Plaintiffs have until July 27, 2020, to file an affidavit reasonably documenting the amount of time spent preparing its nine-page Motion to Set Aside Default (Doc. 109) and its two-page Motion for Sanctions (Doc. 132). The affidavit should also include a tabulation of reasonable costs, subject to judicial approval. The Court hopes that these sanctions will be taken by all parties as a reminder to tailor the issues and operate with a level of civility toward one another (and the Court) as the trial date approaches.

### IV.     Motion for Leave to File Amended Complaint

Lastly, in response to the June Opinion (Doc. 103), Defendants move the Court for additional time to file their Amended Answer (Doc. 123). The Court reads this as a request to officially file the Amended Answer (Doc. 79-1) that was attached to the Motion to Amend (Doc. 79).[3] In the June Opinion, the Court held that Defendants did not offer factual support for and dismissed the Lanham Act claim (Counterclaim I), the New Mexico Trademark Act claim (Counterclaim III), and the anticipatory repudiation claim (Counterclaim VIII). The Court, however, stated that it would allow the Unfair Protection Act claim (Counterclaim VI) and the breach of contract claim (Counterclaim VII) to proceed. As a result, Defendants should file their Amended Answer (Doc. 79-1) (with no alterations from the filing on January 13, 2020) with the Court within five days of this opinion. This is not an opportunity to make additional changes to the Amended Answer, merely a request to file the Amended Answer separately to provide clarity in the docket.

**THEREFORE**,

**IT IS ORDERED** that Plaintiffs' Motion to Set Aside Default Clerk's Entry of Default (Doc. 108) is **GRANTED**, and Defendants' Motion for Entry of Default (Doc. 104) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (Doc. 132) is **GRANTED**, and Plaintiffs will have until July 27, 2020, to file an affidavit including reasonable expenses related to its Motion to Set Aside Default (Doc. 108) and its Motion for Sanctions (Doc. 132) for Court approval.

---

[3] After the Court granted Defendants leave to amend their Answer (Doc. 75), instead of filing the Amended Answer (Doc. 79-1) separately, Defendants attached it to the Motion to Amend. In the future, counsel should file the Amended Answer alone to provide clarity in the docket.

**IT IS FURTHER ORDERED** that Defendants' Motion to For Leave to File Amended Complaint (Doc. 123) is **GRANTED** in part and **DENIED** in part. Defendants will have five days to officially file document 79-1 with the Court.

**IT IS FURTHER ORDERED** that Plaintiffs will have 14 days from the date Defendants officially file document 79-1 to file any responsive pleadings.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**