**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VOLKER STROBEL, HEIKE
STROBEL, and HANS BAUR,
in their individual capacities and on
behalf of UNC Holdings LLC,

      Plaintiffs/Counterclaim Defendants,

v.                                                                                          No. CIV 1:18-00656-RB-JFR

UWE RUSCH and DR. MABEL
RUSCH,

      Defendants/Counterclaim Plaintiffs.

**MEMORANDUM OPINION AND ORDER**

A lawyer's duties of loyalty to, and zealous representation of, their clients are challenged when the client fails to pay for legal services. When a lawyer moves to withdraw from representation for non-payment of fees, the motion is typically granted. But when the motion to withdraw is filed less than three months prior to trial, after two years of contentious litigation,[1] concerns of judicial economy and prejudice to opposing counsel and parties complicate the analysis. For the reasons that follow, Mr. Menhart's Motion to Withdraw will be granted.

**I.  Standard**

Typically, courts have extensive discretion when dealing with an attorney's motion to withdraw representation. *See Leaton v. Navajo Refinery*, No. 09-CV-382 WPL/CG, 2011 WL 13262486, at *1 (D.N.M. Feb. 24, 2011); *see also Abell v. Babbitt*, 176 F.3d 488, at *2 (10th Cir. 1999) ("The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has

---

[1] A jury trial is set in this case for February 8, 2021. (Doc. 77.) The Final Pretrial Conference is set for January 8, 2021. *Id.*

1

abused its discretion.") (quoting *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). To determine whether Mr. Menhart may withdraw, the Court looks to both the New Mexico Rules of Professional Conduct ("NMRPC") and the American Bar Association Model Rules of Professional Conduct ("RPC") for guidance. *See, e.g.*, *Hakim v. Leonhardt*, 126 F. App'x 25, 26 (2d Cir. 2005) ("Codes of Professional Conduct . . . and the Model Code guide our assessment of whether 'good cause' to withdraw exists."). "Both rules provide for permissive withdrawal in certain situations." *Leaton*, 2011 WL 13262486, at *1.

Rule 1.16(b) permits a "'lawyer [to] withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if' any of the criteria enumerated in (b)(1)–(6) is met." *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (quoting A.B.A. Model Rules of Prof'l Conduct R. 1.16(b)(1)). One of the enumerated criteria warranting withdrawal is "if a client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." N.M. Stat. Ann. § 16-116(B)(5); A.B.A. Model Rules of Prof'l Conduct R. 1.16(b)(5)). The comment to Rule 1.16 states that optional withdrawal typically applies to a situation where "the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation."

II. **Analysis**

Mr. Menhart bases his reason for seeking withdrawal on two circumstances: Defendants have not paid him ("financial grounds"), and his contention that the lack of compensation will create future friction between him and his clients ("other good cause"). (Doc. 169 at 1.) Mr. Menhart's "other good cause" argument is unavailing because he has failed to show that his

relationship with Defendants is, or will likely become, antagonistic. Mr. Menhart's argument regarding compensation is persuasive. Even though the Final Pretrial Conference (just over one month away) and jury trial (just over two months away) are looming, "there are some instances in which an attorney . . . might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999). The Court determines that this is one of those instances. Therefore, the Court will grant Mr. Menhart's Motion to Withdraw on compensation grounds alone.

    a. **Compensation**

The facts of this case present two countervailing interests: working without pay and fairness to litigants. It is the Court's job to determine which interest controls. As to Mr. Menhart's interest—wanting compensation for his labors—the Court understands his frustration. Mr. Menhart stated that he has made efforts to accommodate Defendants, but they have failed to pay "$100,000 in, not only attorneys' fees, but out-of-pocket cost." (Doc. 185 at 7.) The Court does not know Defendants' financial situation, but it does recognize the problems a client's failure to pay may cause their attorney. *See In re "Agent Orange" Product Liability Litig.*, 571 F. Supp. 481, 482 (E.D.N.Y.1983) (allowing withdrawal because "the moving attorneys will be unable to absorb the enormous expense that continued prosecution of the litigation will inevitably entail"). The amount Defendants allegedly owe Mr. Menhart is significant. Moreover, additional funds will be necessary to take this matter to trial, and Mr. Menhart's "good cause" analysis shows that there is little indication that Mr. and Dr. Rusch will be able to pay the future expenses. Therefore, this predicament constitutes a failure on Defendants' part to "substantially . . . fulfill an obligation to the lawyer regarding the lawyer's services . . . ." N.M. Stat. Ann. § 16-116(B)(5); A.B.A. Model Rules of Prof'l Conduct R. 1.16(b)(5).

Defendants have a strong countervailing interest—fairness. A counseled party should fairly expect their attorney to fulfill his or her own part of the bargain to provide competent and profession representation through the entirety of the litigation. However, Defendants do not oppose Mr. Menhart's withdrawal and acknowledge their failure to adhere to their contract. And while these circumstances present a close call given the impending settings, the Court notes that parties frequently represent themselves *pro se*. Such proceedings normally run smoothly, and the Court trusts that the remainder of this case will fare similarly.

"The low risk of prejudice contrasts with weighty policy reasons to allow withdrawal." *Brandon v. Blech*, 560 F.3d 536, 538–39 (6th Cir. 2009). As appellate courts have recognized, requiring attorneys to continue representing clients without payment imposes a severe burden:

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.

*Id.* (citing *Rivera–Domenech,* 402 F.3d at 249). *See also Fidelity,* 310 F.3d at 541 (reversing a denial of a motion to withdraw as an abuse of discretion). Here, the burden of forcing Mr. Menhart to represent Defendants without pay outweighs any countervailing concerns.

The rules also require that Mr. Menhart give "reasonable warning that [he] will withdraw unless the obligation is fulfilled." N.M. Stat. Ann. § 16-116(B)(5); A.B.A. Model Rules of Prof'l Conduct R. 1.16(b)(5). Though Mr. Menhart does not indicate that he gave "reasonable warning" to Defendants, he did state that he made "good-faith efforts to work with the Defendants in bringing their account current." (Doc. 169 at 3.) Defendants have not alleged that they had insufficient warning of Mr. Menhart's intent to withdraw. Consequently, the Court finds that there was sufficient warning.

### b. Other Good Cause

Both the local and federal rules also allow an attorney to withdraw when "other good cause for withdrawal exists." N.M. Stat. Ann. § 16-116(B)(7); A.B.A. Model Rules of Prof'l Conduct R. 1.16(b)(7). "Much of the relevant caselaw about when good cause exists under subsection (b)(7) involves antagonism between lawyer and client." *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (citing A.B.A. Model Rules of Prof'l Conduct R. 1.16) (internal quotations omitted). "This case law establishes that an attorney has good cause for withdrawal when there has been a total breakdown of the attorney-client relationship." *Id.*; *see also*, *e.g.*, *Gold's Gym Licensing, LLC v. K-Pro Marketing Group, Inc.*, 2009 WL 3520858, at *3 (D. Minn. Oct.26, 2009) ("We have, in the past, found that good cause exists . . . where a degree of fractiousness, between the client and counsel, has developed which inhibits 'the just, speedy, and inexpensive determination of [the] action.'") (quoting Fed. R. Civ. P. 1).

Here, Mr. Menhart admitted that, "the representation is not necessarily antagonistic at this time . . . ." (Doc. 169 at 4.) Moreover, Mr. Menhart cites no specific instances to show the Court that "there is a demonstrated conflict of interest . . . that is so great that it resulted in a total lack of communication preventing an adequate defense . . . ." *See* <u>Leaton</u>, 2011 WL 13262486, at *2 (citing *United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993)). Therefore, it does not appear that Mr. Menhart has established other good cause.

### III. Conclusion

The Court determines that Mr. Menhart has offered enough evidence to allow for his withdrawal under both N.M. Stat. Ann. § 16-116(B)(5) and A.B.A. Model Rules of Prof'l Conduct R. 1.16(b)(5). Because of Defendants' non-payment, Mr. Menhart will be relieved of his duties to

them, and they will proceed on a *pro se* basis. The Court expects Defendants to be prepared and ready for the upcoming proceedings in this protracted litigation.

**THEREFORE,**

**IT IS ORDERED** that Attorney Eric Menhart's Amended "Unopposed" Motion To Withdraw (Doc. 169) is **GRANTED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE