**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

VOLKER STROBEL, et al.                            )
                                                  )
    Plaintiffs/Counterclaim Defendants          )
                                                  )
v.                                                )   Case No.  1:18-cv-00656-RB-JFR
                                                  )
UWE RUSCH, et al.                                 )
                                                  )
    Defendants/Counterclaim Plaintiffs          )

**PRETRIAL ORDER**

    This matter is before the Court pursuant to Fed. R. Civ. P. 16.  The parties conferred and

submit the following Pretrial Order.

**I.  APPEARANCES**

Attorneys who will try this action:

|  |  |
|---|---|
| For Plaintiff(s) | Jeffrey L. Squires |
|  | Peacock Law P.C. |
|  | 201 Third Street NW |
|  | Suite 1340 |
|  | Albuquerque, NM  87103 |
|  | Tel:  505-998-6116 |
|  | Email:  jsquires@peacocklaw.com |
|  |  |
| For Defendant(s) | Uwe Rusch |
|  | Dr. Mabel Rusch |
|  | 2624 SW 4th Ave |
|  | Cape Coral, FL  33914 |
|  | Tel. 239-810-7941 |
|  | Email:  info@mindfoods.us |

**II. JURISDICTION AND RELIEF SOUGHT**

**A.**    **Subject Matter Jurisdiction.**

    **1.**    **Was this action removed or transferred from another forum?** ___ Yes _X_ No

If yes, was the action removed or transferred?

_____ Removed            _____ Transferred _____ Original forum

**2.      Is subject matter jurisdiction of this Court contested?**

  X    Uncontested   _____ Contested   _____ Party contesting

**3.      Asserted basis for jurisdiction.**

  X    Federal Question     X    Diversity      _____ Other

Statutory Provision(s) Invoked:  28 U.S.C. §1331 and §1332

**B.      Personal Jurisdiction and Venue.**

**1.      Is personal jurisdiction contested?**

  _____    Uncontested    X    Contested

Identify the party contesting personal jurisdiction and basis for objection:

Defendants contend they were residents of Florida who did not have minimum contacts

with New Mexico

**2.      Is venue contested?**

  _____  Uncontested   ___X_____ Contested   _____ Party Contesting

Identify the party contesting venue and basis for objection:

Defendants contend that venue is improper pursuant to 28 U.S.C. § 1391(b).

**C.      Are the proper parties before the Court?**

  X    Uncontested _____ Contested

If contested, identify each missing party or improper party and the basis for contention:

_____

**D.      Identify the affirmative relief sought in this action.**

The Court's Order of December 11, 2020 on both parties' motions for summary judgment

[Doc. 186] has left each party with only one affirmative claim, which affects not only the issues to

be tried, but also a number of outstanding motions, many if not all of which appear to be moot in view of the Court's order.  The parties here will identify just the claims currently to be tried; but at least in Plaintiffs' case there may be a request for reconsideration of the Court's ruling as it impacts several of Plaintiffs' claims.

1.      Plaintiff has a claim for breach of contract against Dr. Rusch, in which they are seeking damages of $350,000 for breach of her agreement to assign ownership and registration of the trademark at issue to UNC, Holding LLC ("UNC-FL") or its successor UNC Holding LLC ("UNC-NM").

2.      Defendant Uwe Rusch has a claim for breach of fiduciary duty against Plaintiff Volker Strobel by which he seeks to recover his interest (46 percent) of the $8755.03 balance of the UNC-NM bank account Mr. Rusch claims was improperly distributed by Mr. Strobel in May 2018.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.      Plaintiff's claims:**  See claim described in Section II. D. 1.

**B.      Defendant's defenses:**  Defendants deny Plaintiffs' breach of contract claim and assert Dr. Rusch did not breach any contractual obligation owned to Plaintiffs.

**C.      Defendant's counterclaims**:  See counterclaim described in Section II .D.2 .

**D.      Plaintiffs' defenses:**  Mr. Strobel asserts he was entitled to distribute the balance of funds remaining in the UNC-NM bank account to those members who had made cash investment of the funds in that account.

### IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.      Stipulated Factual Contentions.**

1.      Dr. Mabel Rusch is the registered owner of the trademark for CORDIALS V.I.P.

DRINKS, ("V.I.P. Mark") registered with the World Intellectual Property Organization ("WIPO"), Registration No. 933137.

2.      Dr. Mabel Rusch is the registered owner of the trademark for CORDIALS V.I.P. DRINKS, United States Patent and Trademark Office Registration ("USPTO") No. 3651220.

3.      Mr. Uwe Rusch is the registered owner of copyright in the Royal Logo Design, Copyright Registration No. VA 2-140-400, which he registered in the U.S. Copyright Office on March 1, 2019.

4.      The Partnership Agreement for UNC-FL provides, in relevant part: "Mrs. Mabel Rusch hereby undertakes to convey to the Holding all rights to the CORDIALS trademark and all rights to the design and logos of CORDIALS products, at no cost and without legal limitation as to time, space or content. … The transfer of ownership of these rights will be initiated immediately after the signing of this agreement. The costs of this transfer will be borne by the Holding."

5.      The Partnership Agreement for UNC-FL provides, in relevant part, "Mr. Uwe Rusch undertakes to contribute to the Holding all rights to Cordials V.I.P. Drinks . . . without legal limitation as to time, space or content.  These include:

  a.  17 formulas for all alcoholic and nonalcoholic mixed drinks developed to date . . . at the time of signing of this Agreement.

  b.  All Cordial distribution rights worldwide, all rights to the design and logos of CORDIALS products in any form . . ."

6.      In 2017 Dr. Rusch renewed the WIPO registration of the trademark in her name.

7.      Mr. Rusch has not assigned to UNC-FL or its successor UNC-NM the rights in the formulas or design and logos, including the copyright in the Royal Logo design.

8.      The parties also formed V.I.P. Drinks Bottling LLC ("V.I.P. Bottling") in May of

2013. The principal purpose of the V.I.P. Bottling was the task of developing, manufacturing and bottling the cordial products and marketing and managing the sales of the cordials products.

9.      VIP Bottling was producing product with the VIP Mark and Cordials logo.

10.     Mr. Rusch organized UNC-FL in 2012.

11.     In connection with the investments by the Strobel Parties and Mr. Fischer (through Immofish), Mr. Rusch and the four new investors established two new companies to conduct specific aspects of the cordials business in conjunction with UNC-FL:  the new companies were V.I.P. Drinks Bottling, LLC ("V.I.P. Bottling") and V.I.P. Drinks Distribution, LLC ("V.I.P. Distribution") [N.B., Mr. Rusch has referred to the two new companies referenced herein as being "unaffiliated."  That is incorrect, but he has not agreed to modify his representation.  Those two new companies were formed at the same time the new investment was made by Plaintiffs in the cordials business; were owned in the same percentages by the members; were part of the cordials business enterprise and were by definition affiliated].

12.     The total of the investments made by the Strobel Parties and Mr. Fischer in the cordials business, inclusive of UNC-NM, V.I.P. Bottling and V.I.P. Distribution, was $450,000.

13.     By agreement of the members of the three cordials business entities, the collective $450,000 invested by Mr. and Mrs. Strobel, Mr. Baur and Mr. Fischer was allocated from their respective investment amounts to the three business entities, as follows:

UNC-FL

| | | |
|---|---|---|
| Immofish, Inc. (Fischer) | - | $2000 |
| Heike Strobel | | 1000 |
| Hans Baur | | 3000 |
| Volker Strobel | | 3000 |

V.I.P. Bottling

| | |
|---|---|
| Immofish | $90,000 |
| Heike Strobel | 45,000 |
| Hans Baur | 135,000 |
| Volker Strobel | 135,000 |

V.I.P. Distribution

| | |
|---|---|
| Immofish | $8,000 |
| Heike Strobel | 4,000 |
| Hans Baur | 12,000 |
| Volker Strobel | 12,000 |

14.     Mr. Rusch and his wife Dr. Rusch and the four new investors in the cordials business agreed that, in connection with the new investments being made in the cordials business and in recognition of the Rusch Parties' contribution of rights in the cordials recipes, The Trademark, and the design including The Royal Logo, Mr. Rusch and the four new investors would own the following percentages of each of the three cordials business entities:  UNC-FL; V.I.P. Drinks Bottling and V.I.P. Drinks Distribution.

| | |
|---|---|
| Mr. Rusch | 46 percent |
| Mr. Strobel | 23 percent |
| Mrs. Strobel | 5 percent |
| Mr. Baur | 16 percent |
| Mr. Fischer (Immofish) | 10 percent |

15.     As determined by the Court in its Order of December 11, 2020 [Doc 186], UNC-NM is the successor to UNC-FL and is the owner of the trademark and copyright.

**B.     Contested Material Facts.**

1.     Plaintiff's Contentions:  Plaintiff contends Defendants failed to comply with their obligations under the 2013 Agreement between the parties.

2.     Defendant's Contentions: Defendant submits that there are a variety of facts that are being contested between the parties, and a fact-finder will be necessary to determine them.

## V.  APPLICABLE LAW

**A.     Do the parties agree which law controls the action?**

   __X__ Yes  _____ No

**If yes, identify the applicable law:**  U.S. Lanham Act (15 U.S.C. §§ 1051 et seq.); Copyright Act (17 U.S.C. Title 17); New Mexico law.

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1.     Plaintiff:  Plaintiff can identify several issues of law that are of particular application to one or more of the claims and counterclaims presented in this case, but will not attempt to identify ordinary legal issues relating to the basic elements of claims, or admissibility of evidence, that are typically involved in any civil case.  That said:

        a.     Whether the April/May 2013 Agreement created binding obligations on Defendants with respect to their assignment of trademark and copyright rights.

b.      Whether Dr. Rusch is liable for her husband's conduct in connection with claims relating to the trademark at issue.

2.      Defendant:   Defendant can identify several issues of law that are of particular application to one or more of the claims and counterclaims presented in this case, but will not attempt to identify ordinary legal issues relating to he basic elements of claim, or admissibility of evidence, that are typically involved in any civil case.   That said:

a.      Whether the May 2, 2013 meeting between shareholders agreed binding obligations of Plaintiff Strobel with respect to his duties in his function as CFO.

b.      Whether Plaintiff Strobel is liable due to his statements to shareholders in December 2014 and to Dr. Mabel Rusch in connection with the claim relating to the trademark at issue.

Defendant agrees with Plaintiffs' position that it is impossible to identify every issue of law in complete detail, but the above issues are the core issues of law in this case.

## VII.  MOTIONS

**A.      Pending Motions (indicate the date filed):**

1.      Plaintiff

1.  Motion to Exclude Defendants' Expert Testimony [Doc. 98], filed May 19, 2020.  Plaintiffs believe this motion is now moot as result of the Court's summary judgment rulings.

2.      Defendant

1.  Seven Different Motions in Limine [Docs. 116-122] filed June 15, 2020. Plaintiff believes these motions are made moot, in whole or in part, as result of the Court's summary judgment rulings.

**B.**      **Motions which may be filed:**

1.      Plaintiff may file a motion for reconsideration of the Courts' summary judgment ruling with respect to the dismissal of a breach of contract claim against Mr. Rusch and the dismissal of a claim for breach of the contract obligation of good faith and fair dealings.

Briefing must be complete and filed with the Court by <u>January 15, 2020</u>.

## VIII.  DISCOVERY

**A.**      **Has discovery been completed?**   __X__ Yes   _____ No

If no, discovery terminates on _____.

**B.**      **Are there any discovery matters of which the Court should be aware?**   No.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.**      **Plaintiffs' Witnesses:**

1.      Plaintiffs will call or have available at trial the following witnesses:

1. Volker Strobel

2. Heike Strobel

3. Hans Baur

2.      Plaintiffs may call the following witnesses:

1. Uwe Rusch

2. Dr. Mabel Rusch

3. Reese Gateley

4. Any witness identified by Defendants

**B.**     **Defendants' Witnesses:**

    1.     Defendants will call or have available at trial the following witnesses:

        1. Uwe Rusch, in person

        2. Dr. Mabel Rusch, in person

    2.     Defendants may call the following witnesses:

        1. Volker Strobel, in person

        2. Heike Strobel, in person

        3. Hans Baur, in person

        4. Gregor Fischer, in person

        5. Any witness identified by Plaintiffs.

**C.**     Each party shall submit their witness lists 21 days before trial.

## X.  TRIAL PREPARATION

**A.     Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than 21 days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list."  Each party's contested exhibit list must be filed 14 days before trial.  All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the party offering the exhibit.  The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.      Witness Lists.**

Each party's witness list was to have been filed with the Clerk and served on all parties by December 1, 2020.  In any event this should be done prior to the final pretrial conference scheduled for January 8, 2021.  Indicate whether the witness is testifying by deposition or in person.  Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list.  The objecting party must mark those portions of the requested deposition testimony to which the party objects.  Marking must comply with D.N.M.LR-Civ. 10.6.  The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least 10 days before trial.

**C.      Voir Dire.**

1.      If allowed, do the parties wish to participate in voir dire?

Plaintiff               _X__ Yes  _____ No

Defendant            __X__ Yes  _____ No

Other Party          _____ Yes  _____ No

2.      Each party wishing to participate in voir dire must serve on all parties and file with the Clerk a pleading entitled "Proposed Voir Dire Questions."  The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed voir dire questions.  This request must be filed at least 14 days prior to jury selection.

**D.      Jury Instructions and Verdict.**

**1.      In General.**  The parties must confer about proposed jury instructions.  The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given.  The stock instructions are available from the Court's web site.  The instructions that

the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

2.      **Sources for Instructions.**  If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

3.      **Submission of Proposed Instructions.**  The parties must submit one mutually approved set of jury instructions no later than 10 calendar days before trial.  For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

4.      **Form of Instructions.**

a.      Submit sets of double-spaced instructions as follows:

___ set(s) of originals without citations and headed "Instruction No. ___"; and

___ set(s) with citations and numbered accordingly, one of which will be filed.

b.      If requested, also submit all instructions in a format compatible with MS Word.  Please refer to the procedures, available on our web site, for electronically submitting proposed text.

c.      Submit no more than one instruction to a page.

d.      All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

e.      Submit a cover sheet on all sets of instructions.

5.      **Deadlines for Submitting Instructions**.

a.      Instructions shall be filed 14 days before trial.

b.      Supplemental unanticipated jury instructions may be submitted at trial.

E.      **Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection.  The statement must be submitted to the Court 14 days before jury selection.

**F.      Submission for Bench Trials.**

1.      The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than 10 calendar days before trial.  For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

2.      If requested, submit the findings of fact and conclusions of law in a format compatible with MS Word.  Please refer to the procedures, available on our web site, for electronically submitting proposed text.

## XI. OTHER MATTERS

**A.      Settlement Possibilities.**

1.      The possibility of settlement in this case is considered:

   X    Poor   _____ Fair   _____ Good  _____ Excellent       _____ Unknown

2.      Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____ Yes    X    No   If yes, when?   January 7, 2020

If a settlement conference has already been held, indicate approximate date:  February 24, 2020

3.      Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify:  Plaintiffs are willing to engage in any form of dispute resolution to which Defendants would agree, subject to the condition that the parties bear their own costs and actively participate in person in joint session, with all parties and counsel present in the same room.

Defendants are open to mediation, but there is no indication that the parties will come to any agreement. Previous settlement efforts have not been successful. If any mediation were to occur, it would best be held after the Motions for Summary Judgment are ruled upon.

If no, explain why not: _____

**B.**     **Length of Trial and Trial Setting.**

1.        This action is a          _____ Bench Trial    ___ X___ Jury Trial   ____  Both

2.        The case is set for trial on Monday, February 8, through Friday, February 12, 2021. [Doc. 78].

3.        The estimated length of trial is 4 day(s).

## XII. EXCEPTIONS

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

/s/ Jeffrey L. Squires
*Attorney for Plaintiff*
Peacock Law P.C.
201 Third Street NW
Suite 1340
Albuquerque, NM  87102
Phone:  (505) 998-6116
Fax:  (505) 243-2542
Email:  jsquires@peacocklaw.com

_____
Mr. Uwe Rusch


_____
Dr. Mabel Rusch
2624 Southwest 4th Avenue
Cape Coral, FL 33914-4414
Phone:  (239) 810-7179
Email:  ur@mindfoods.us



   The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this _____ day of _____, 20___.



Dated: _____



_____
UNITED STATES DISTRICT JUDGE