IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VOLKER STROBEL, et al.            )
                                  )
    Plaintiffs/Counterclaim Defendants  )
                                  )
v.                                )  Case No.  1:18-cv-00656-RB-JFR
                                  )
UWE RUSCH, et al.                 )
                                  )
    Defendants/Counterclaim Plaintiffs  )

**PLAINTIFFS' COUNSEL'S RESPONSE IN OPPOSITION TO ERIC MENHART'S MOTION FOR FINAL ORDER REGARDING SANCTIONS**

Mr. Menhart--evidently recognizing that the Court's July 10, 2020 Order awarding sanctions [Doc. 142] and then its August 20, 2020 Order quantifying the amount of the sanctions awarded as $8060 [Doc. 153] apply to him[1]--now requests the Court "to reconsider the amount of

---

[1] Plaintiffs' motion for sanctions sought sanctions against Mr. Menhart, not against his then-clients [Doc. 132], and in its orders relating to the sanctions issue the Court recognized that, referring to Mr. Menhart's conduct as "indefensible" in its Order [Doc. 180] refusing to alter its prior Order setting aside the default and granting Plaintiffs' motion for sanctions [Doc. 153]. There is no question that the various orders issued by the Court were less than perfectly clear about the subject of the sanctions order--alternatively referring to Defendants and to Mr. Menhart, though repeatedly saying that it was his conduct that was at issue. And Mr. Menhart evidently realizes the sanctions order was directed to him. To the extent the wording of its Orders mistakenly referred to Defendants when the subject of the misconduct and the sanction award was clearly Mr. Menhart, the Court may, acting on its own, correct "a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." Rule 60(a), F.R.C.P. Such corrective action, with respect to any such mistake (Rule 60(b)(1)), should be taken within a reasonable time, "no more than a year after the entry of the judgment or order . . ." (Rule 60(c)(1)). In the instant case, given that Mr. Menhart has recognized that the sanctions order was intended to be directed to him personally, there is ample reason and authority for the Court to take any corrective actions it deems appropriate to assure that its orders reflect their intent. See, e.g., McNickle v. Bankers Life and Casualty Co., 888 F.2d 678, 681 (10th Cir. 1989); New Mexico Center on Law and Poverty v. Squier, 131 F. Supp. 3d 1241, 1245-46 (D.N.Mex. 2014) and cases cited therein, including Copar Pumice Co. v. Morris, 2010 WL 4928966, *6 (D.N.Mex. Oct. 25, 2010), in which the court corrected the name of the particular defendant who had been intended, but who had been misidentified in the court's initial order.

the sanctions award." [Doc. 206].[2]  Rather than provide any reason for the Court to do so, Mr. Menhart threatens that should the Court not rule in his favor he will appeal--which threats have been part of his litigation modus operandi;[3] and then uses his submission in effort to bargain with Plaintiffs' undersigned counsel, presumably in further effort to influence the Court.[4]

The Court gave Mr. Menhart explicit direction that he could challenge the factual basis for, and amount of, the Court's sanctions award (see Order dated December 2, 2020 [Doc. 180], p. 16). Mr. Menhart has chosen to do neither.  Instead he pointlessly argues that the Court's final order of dismissal is not a final judgment on the merits (though they are certainly equivalent); notes his disagreement with the sanctions order, but without providing any basis therefor; offers to pay undersigned counsel $500 if the Court agrees; and threatens to appeal if the Court does not take

---

[2]  Mr. Menhart is contesting the amount of the sanctions award after the claims of the parties in the lawsuit have been fully resolved and final judgment entered [Doc. 204], acting in response to the Court's Orders extending the time for payment of the award [Doc. 159] and then extending the time for Mr. Menhart "responding to [Plaintiffs'] declaration regarding attorney's fees and asking the Court to reconsider the amount of the sanctions award" [Doc. 180].  This is consistent with established practice of a Court retaining jurisdiction over collateral issues such as attorneys fees and sanctions, after judgment is entered on the claims in a case.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96, 110 S.Ct. 2447, 2456 (1990):

> It is well established that a federal court may consider collateral issues after an action is no longer pending. . . .  Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.  Such a determination may be made after the principal suit has been terminated.

See also Lancaster v. Independent School District No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998).

[3]  Mr. Menhart previously made exactly the same type of threat in connection with his motion to withdraw [Doc. 182].

[4]  Mr. Menhart has not communicated with undersigned counsel concerning the sanctions obligation, but has chosen to initiate his bargaining by filing his instant motion.

"action on this proposal." [Doc. 206, p. 2]. Mr. Menhart states that he has "presented a proposed order to the Court," Id., but did not include any such order in the submission he filed.[5]

## II. DISCUSSION

In making its sanctions award, the Court reduced to $8060 the total fees of $11,510 requested and supported by counsel's Declaration [Doc. 149], without suggesting that counsel had not honestly presented the time spent on and description of services rendered. Mr. Menhart has not offered any facts to support a further reduction in the amount of the sanctions award. For that reason alone his motion should be denied, and he should be ordered to pay the amount of $8060 to undersigned counsel within 30 days--thus allowing him ample time to appeal should he choose to do so.

That is not the only fault with Mr. Menhart's motion that justifies its denial. Ignoring the fact that he did not comply with Local Rule 7.1, requiring that he inquire of opposing counsel whether consent would be given (which undersigned counsel concededly would not have given), in his motion he repeats his improper actions in threatening the prospect of appeal should the Court not rule in his favor. Other courts have noted, and even censured, lawyers for such conduct. See, e.g., Seritella v. Markum, 119 F.3d 506, 508-09 (7th Cir. 1997) (approving district court's censure of attorney for "bluntly warn[ing] the court, presumably from a perception of superior knowledge about federal Constitutional issues, that decisions rendered are wrong and will be reversed on appeal."). See also In re Wizenberg, 602 B.R. 372, 394-398 and fn. 18 (Bank. Ct. S.D. Fla. 2019) (ordering sanctions under 18 U.S.C. § 1927 against attorney for what were many extraordinary

---

[5] Undersigned counsel received Mr. Menhart's motion filed through the CM/ECF system, but no proposed order was attached. On the evening of January 23 he emailed Mr. Menhart, requesting him to provide him a copy of his proposed order, but as of the date of filing this response, no copy of the proposed order has been provided.

examples of litigation misconduct listed in Appendix A to the order, referencing samples of such misconduct that included threats to appeal rulings of the court, "not motivated by a desire to correct an error of fact or law but instead motivated by a desire to for (sic) Plaintiff to incur the maximum possible amount of attorneys fees." (fn. 18).

Mr. Menhart's offer to pay $500 to undersigned counsel to satisfy the sanctions award against him is simply an improper attempt to engage the Court in an intermediary's role, transparently intended to intimidate counsel and the Court to allow Mr. Menhart off the hook of his own making.  Undersigned counsel does not desire to appear uncooperative in the eyes of the Court--but at the same time he does not believe it is proper to allow Mr. Menhart to bully his way out of the consequence of his own misbehavior.  Throughout the litigation of this matter--and particularly in seeking and pointlessly pursuing a motion for entry of default judgment after his motion to amend his clients' pleading had been pending for six months--Mr. Menhart did exactly what 18 U.S.C. § 1927 seeks to preclude and sanction:  he unreasonably and vexatiously multiplied these proceedings.  The sanctions awarded were reduced from the amount requested, and were found reasonable [Doc. 153].  Mr. Menhart has offered no justification for reducing them.  He should be held accountable.

## CONCLUSION

For the reasons set forth herein, this Court should deny Mr. Menhart's motion; reconfirm its prior award of sanctions against him; and order him to pay the amount awarded to undersigned counsel within 30 days.

Respectfully submitted,
/s/ Jeffrey L. Squires
Peacock Law P.C.
201 Third Street NW, Suite 1340
Albuquerque, NM  87102
Phone:  (505) 998-6116
Email:  jsquires@peacocklaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| VOLKER STROBEL, et al. ) | |
| ) | |
| Plaintiffs/Counterclaim Defendants ) | |
| ) | |
| v. ) | Case No.  1:18-cv-00656-RB-JFR |
| ) | |
| UWE RUSCH, et al. ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs ) | |

## CERTIFICATE OF SERVICE
## FOR
## PLAINTIFFS' RESPONSES IN OPPOSITION TO ERIC MENHART'S MOTION FOR FINAL ORDER REGARDING SANCTIONS

I hereby certify that on this 26th day of January 2021, a true and correct copy of Plaintiffs' Response in Opposition to Eric Menhart's Motion for Final Order Regarding Sanctions was filed through the Court's CM/ECF system and a copy was sent by email to Eric Menhart at his email address:

Eric Menhart, Esq.
Lexero Law Firm
316 F St NE, Suite 101
Washington, DC 20002
Phone: 855-4-LEXERO (855-453-9376) Ext. 101
Fax: 855-4-LEXERO (855-453-9376)
Email:  eric.menhart@lexero.com

*/s/ Jeffrey L. Squires*