IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VOLKER STROBEL, *et al.*,

    Plaintiffs,

v.                                                         No. 18-cv-0656 RB/KBM

UWE RUSCH, *et al.*,

    Defendants.

## ORDER VACATING SANCTIONS AWARD

THIS MATTER comes before the Court on the Rule 60 Motion for Relief from the Orders Imposing Sanctions upon Eric Menhart and Lexero Law and the related supplemental briefing. (*See* Docs. 219–25.) Mr. Menhart moves the Court for relief under Federal Rule of Civil Procedure 60(b)(5) or 60(b)(6). (*See* Doc. 223.)

"Rule 60(b) 'is not a substitute for appeal, and must be considered with the need for finality of judgment.'" *Macias v. N.M. Dep't of Lab.*, 300 F.R.D. 529, 542 (D.N.M. 2014) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)). "The rule was designed to strike a 'delicate balance' between respecting the finality of judgment and, at the same time, recognizing the court's principal interest of executing justice." *Id.* at 542–43 (quoting *Cessna Fin. Corp.*, 715 F.2d at 1444).

> [Rule] 60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, "applying [the judgment or order] prospectively is no longer equitable." Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if "a significant change either in factual conditions or in law" renders continued enforcement "detrimental to the public interest." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992). The party seeking relief bears the burden of establishing that changed circumstances warrant relief, *id.*, at 383 . . . .

1

*Horne v. Flores*, 557 U.S. 433, 447 (2009). Rule 60(b)(6) allows a court "to reverse its order for 'any other reason justifying relief'" outside of the circumstances set out in Rule 60(b)(1)–(5). *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004); *see also Gonzalez v. Crosby*, 545 U.S. 524, 5299 (2005). "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only 'when it offends justice to deny such relief.'" *Orient Min. Co. v. Bank of China*, No. 2:98-CV-238BSJ, 2010 WL 624868, at *17 (D. Utah Feb. 19, 2010), aff'd, 416 F. App'x 721 (10th Cir. 2011) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)). The Tenth Circuit has "sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner*, 98 F.3d at 580 (gathering cases).

Here, Mr. Menhart represents that he and Mr. Jeffrey Squires, counsel for Plaintiffs, have participated in a mediation session with the Tenth Circuit's Mediation Office. (Doc. 219 at 1.) Pursuant to that mediation, Mr. Menhart requested a limited remand to file a Rule 60 motion to vacate the sanctions award. (*See id.*) Mr. Menhart asserts that if the Court grants the motion under Rule 60(b)(5) or 60(b)(6), the appeal of the sanctions award "will not be necessary . . . as the underlying litigation has already been settled by the parties." (*Id.* at 2.) Mr. Squires cryptically responds: "In his current supplement Mr. Menhart implies that Mr. Squires had agreed to the relief he was seeking, i.e., vacation of the sanctions. That is not the case. The only agreement Mr. Squires made that is relevant to Mr. Menhart's motion was that he would not comment on it." (Doc. 224 at 1.)

Noting that Mr. Squires does not register any formal objections or present any argument in opposition to the requested relief, the Court will grant Mr. Menhart's motion under Rule 60(b)(5). In doing so, the Court does *not* find that Mr. Menhart's position regarding default judgment was

justified. (*See, e.g.*, Doc. 210.) The Court reiterates its finding that Mr. Menhart filed the motion for default judgment for an improper purpose. (*See id.*) Given that settlement of this matter is imminent, however, and in recognition of limited judicial resources, the Court finds that the "factual conditions" have changed such that vacating the sanctions award is proper under Rule 60(b)(5).

**THEREFORE,**

**IT IS ORDERED** that the Rule 60 Motion (Doc. 219) is **GRANTED** and any award of sanctions issued in this lawsuit against Mr. Menhart and Lexero Law are **VACATED**.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE